IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NORTHWEST FEDERAL CREDIT UNION<br>200 Spring Street<br>Herndon, VA 20170,<br><br>Plaintiff,<br><br>v.<br><br>CUMIS INSURANCE SOCIETY, INC.<br>5910 Mineral Point Road<br>Madison, WI 53705,<br><br>Defendant. | Civil Action No. 1:18-cv-859-AJT/IDD<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT**

COMES NOW Plaintiff Northwest Federal Credit Union ("NWFCU"), by and through undersigned counsel, and brings this Complaint against defendant CUMIS Insurance Society, Inc. ("CUMIS") (collectively referred to as the "Parties") and alleges as follows:

**Introduction**

1. This is an action for declaratory judgment and breach of contract resulting from CUMIS's denial of coverage under a fidelity bond issued by CUMIS to NWFCU. Specifically, NWFCU seeks a declaration that CUMIS is obligated to cover a claim under the fidelity bond arising from the actions of former employees of NWFCU, and damages for CUMIS's effective denial of the claim.

**Venue and Jurisdiction**

2. This Court has jurisdiction under 28 U.S.C. §§ 2201–02 to declare the rights of any party seeking such declaration. The Court also has jurisdiction under 28 U.S.C. § 1332. The

amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the Parties are of diverse citizenship.

3. The Court has personal jurisdiction over CUMIS because CUMIS does substantial business in the Commonwealth of Virginia and in the Judicial District, and CUMIS entered into a contract with NWFCU, so as to make general and specific jurisdiction over CUMIS fair, just, and permitted by law.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the claims occurred in this District.

**Parties**

5. NWFCU is a federally chartered credit union, with its principal place of business located at 200 Spring Street, Herndon, VA 20170.

6. Upon information and belief, CUMIS is incorporated in Iowa with its principal place of business located at 5910 Mineral Point Rd, Madison, WI 53705. CUMIS is authorized to do business in the Commonwealth of Virginia.

**Factual Background**

7. As a federally chartered credit union, NWFCU is required by federal regulations to acquire certain insurance coverage, including a fidelity bond, which covers losses related to malfeasance and fraudulent acts by credit union employees.

8. In accordance with these requirements, NWFCU acquired Fidelity Bond No. 036489-24 from CUMIS (the "Bond"). A true and accurate copy of the Bond is attached as **Exhibit 1** to this Complaint.

9. The Bond covers losses "discovered by [NWFCU] while th[e] Bond is in effect." Ex. 1 at 54 ¶ 10.

10. The Bond covers a "Single Loss" defined as:

[A]ll loss covered under this Bond resulting from:

(a) Any one act or omission, or series of related acts and/or omissions, on the part of any person or persons (whether "employee(s)," "director(s)," or not), whenever occurring;

(b) All acts and omissions, whether related or not, on the part of any person (whether an "employee," "director," or not), or in which such person is concerned or implicated, whenever occurring; or

(c) Any one casualty or event not specified in a. or b. above.

Ex. 1 at 30–31.

11. The Bond covers losses "resulting directly from a named 'employee's' failure to faithfully perform his/her trust." Ex. 1 at 6 ¶¶ J, K. The Bond further states:

"Failure to faithfully perform his/her trust" means acting in conscious disregard of your established and enforced share or deposit policies or that portion of your established and enforced lending policy which sets out the parameters which must be met in order for a "loan" to be approved.

*Id.* at 23. This coverage is referred to as "Faithful Performance" coverage.

12. The Bond contains two different provisions addressing two different forms of notice that NWFCU is to provide to CUMIS in connection with any potential claim for coverage — "Discovery of Loss" and "Proof of Loss."

13. The Bond requires NWFCU to notify CUMIS of a loss within 90 days of the "Discovery of Loss." Ex. 1 at 54 ¶ 11. "Discovery of Loss" occurs when an officer, branch manager, risk manager, or director "[f]irst becomes aware of facts which would cause a reasonable person to assume that a loss of a type covered under this Bond has been or will be incurred." *Id.* at 54 ¶ 10. "The exact amount or details of loss may not be known at the time of discovery[.]" *Id.*

14. The Bond also requires NWFCU to file a "Proof of Loss" within 180 days of notice of Discovery of Loss, to include an "explanation and documentation to prove" the "amount of the loss." *Id.* at 55 ¶ 12.

15. The Bond also requires litigation be filed within two (2) years from the Discovery of Loss. Ex. 1 at 57 ¶ 17.

16. In or around July of 2016, NWFCU discovered former employees of NWFCU were underwriting loans in a manner that violated its written, established and enforced policy. Such action, at the minimum, is covered under the Faithful Performance coverage of the Bond.

17. The actions of NWFCU's former employees have thus far resulted in four (4) loan delinquencies in a portfolio totaling approximately sixty-five (65) loans. These delinquencies accounted for a loss of roughly $1,000,000 in assets out of the overall $70,000,000, approximate, portfolio.

18. NWFCU timely notified CUMIS of the loss, timely filed its Proof of Loss and sought coverage under the terms of the Bond, to include the right to supplement the Proof of Loss for additional losses related to the employees' conduct that was discovered and timely reported to CUMIS as required under the Discovery of Loss provision.

19. CUMIS, however, created unnecessary and artificial barriers to NWFCU's claim. These barriers are, upon information and belief, to avoid and preclude payment for otherwise covered claims.

20. Specifically, CUMIS rejected NWFCU's Proof of Loss on the premise that it lacked certainty or specificity as to potential losses to the Portfolio.

21. The Bond requires litigations be filed within two (2) years from the date of discovery. In June of 2018, NWFCU contacted CUMIS in an attempt to have CUMIS toll the

limitations period to allow the Parties additional time to address the issues related to CUMIS's rejection of the Proof of Loss. CUMIS was not agreeable to the tolling.

22. Upon information and belief, CUMIS has a pattern and practice, when dealing with "Faithful Performance" claims from bondholders such as NWFCU, of taking inconsistent positions with respect to when a "loss" has arisen under the Bond. In instances where it wishes to defer or delay resolution of a claim, CUMIS will take the position that no loss has occurred in the absence of a default on the underlying loan that is the subject of a bondholder's coverage claim. But in instances where it wishes to invoke the timing provisions within the Bond in an effort to avoid its coverage obligations altogether, CUMIS will take the position that a loss exists at the point in time the bondholder discovers employee misconduct of a sort that triggers coverage under the Bond's "Faithful Performance" provisions.

23. Given that the Bond requires submission of the Proof of Loss within 180 days of the Discovery of the Loss, and requires litigation of any denied claim to be filed within two (2) years of the Discovery of the Loss, CUMIS's actions effectively serve as a denial of NWFCU's claim, and therefore a breach of the Bond, and NWFCU was left no alternative other than file this Complaint.

24. CUMIS's denial of coverage is improper and in bad faith, and its conduct evidences a clear intention to refuse performance in the future.

## Count I

### Declaratory Judgment

25. NWFCU incorporates the above-paragraphs as if fully set forth herein.

26. NWFCU seeks relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02. NWFCU is entitled to a declaration that CUMIS has a duty to cover its present and future losses to the Portfolio resulting from NWFCU's former employees' failures to faithfully perform.

27. There exists an actual, substantial controversy between NWFCU and CUMIS, parties with adverse legal interest, in the wake of CUMIS's denial of NWFCU's claim; namely, whether NWFCU is entitled to coverage under the Bond for the losses.

28. The Bond covers losses due to NWFCU employee's failure to "faithfully perform his/her trust." Ex. 1 at 6 ¶¶ J, K, & pp. 23–24, 37.

29. NWFCU's employees failed to "faithfully perform" their trust in failing to adhere to NWFCU's written, established and enforced policies in carrying out their duties when underwriting loans.

30. The requested relief of a declaration and judgment as to this question would remove uncertainty as to the Parties' rights and obligations with respect to the currently accrued losses and any losses that will occur in the future.

31. As such, there is an actual, justiciable controversy between NWFCU and CUMIS relating to the application of the Bond.

32. The Court should review the Bond and declare that CUMIS has a duty to cover the loss associated with the respect to said actions of the former employees. The Court should deem coverage to apply, and the Court should also award any related relief necessary to or incident to such declarations.

## Count II

### Breach of Contract

33. NWFCU incorporates the above-paragraphs as if fully set forth herein.

34. The Bond constitutes an actual contract between NWFCU and CUMIS.

35. NWFCU has complied with any conditions precedent to coverage under the Bond.

36. Under the Bond, CUMIS has an obligation to pay for losses caused by NWFCU's employees' failures to "faithfully perform" their duties. Ex. 1 at 6 ¶¶ J, K, & pp. 23–24.

37. CUMIS also has an obligation to act in accordance with its implied covenant of good faith and fair dealing, which is implied in the Bond by law.

38. NWFCU's former employees failed to "faithfully perform" their duties by failing to adhere to NWFCU's written, established and enforced policies when underwriting loans.

39. As a result of NWFCU's former employees' conduct, NWFCU has suffered losses in excess of $1 million, and expects with reasonable certainty that NWFCU will suffer additional losses on the same Portfolio arising from the failure of these employees to "faithfully perform" their duties.

40. CUMIS rejected the Proof of Loss in breach of its obligations under the Bond, to include its obligation to its duty of good faith and fair dealing.

41. CUMIS's refusal to toll the two (2) year litigation filing period further evidences its breaches in this regard.

42. CUMIS's actions constitute a denial of NWFCU's claim.

43. CUMIS has breached its obligations under the Bond by not making payment on NWFCU's claim and interfering with its ability to submit additional claims as realized and related to its timely Discovery of Loss.

44. CUMIS's denial of coverage constitutes a breach of the policy, breach of the implied duty of good faith and fair dealing, and the breach has damaged and will continue to damage NWFCU.

45. CUMIS breach of contract and breach of the duty of good faith and fair dealing has caused damage in an amount no less than approximately $1 million to NWFCU and will continue to cause NWFCU damage as additional losses on the Portfolio are realized.

46. The Court should enter judgment against CUMIS for breach of the Bond and all resulting damages.

## COUNT III

### Anticipatory Breach of Contract

### (In the alternative to Count II)

47. NWFCU incorporates the above-paragraphs as if fully set forth herein.

48. If the facts do not establish that CUMIS has breached its obligations to pay NWFCU's claim, then they establish that CUMIS has anticipatorily breached its obligations under the Bond.

49. CUMIS rejected NWFCU's Proof of Loss due to an alleged uncertainty with respect to the full amount of the losses already accrued.

50. CUMIS's conduct evidences a clear intention to refuse performance in the future.

51. CUMIS's refusal to perform under the Bond go to the very essence of the Bond.

52. As a direct and proximate result of the anticipatory breach of contract by CUMIS, NWFCU has been damaged in an amount no less than $1 million.

### Prayer for Relief

WHEREFORE, Plaintiff Northwest Federal Credit Union, by counsel, respectfully requests that this Court enter an Order (i) declaring that CUMIS had a duty to cover the claim; (ii) awarding any relief necessary related to such declaration; (iii) awarding damages, pre-judgment interest, and costs and expenses in an amount to be determined at trial; (iv) awarding

reasonable attorneys' fees to Northwest Federal Credit Union pursuant to Va. Code § 38.2-209 for CUMIS's actions which as alleged constitute bad faith; and (iv) awarding such further relief the Court deems appropriate.

### Jury Demand

Plaintiff demands a trial by jury.

Dated: July 10, 2018

Respectfully submitted,

 */s/ Linda M. Jackson*
Linda M. Jackson, Esq. (VSB No. 37706)
ARENT FOX LLP
1717 K Street, NW
Washington, DC 20006-5344
Tel: (202) 857-6000
Fax: (202) 857-6395
linda.jackson@arentfox.com

*Attorney for Plaintiff*
*Northwest Federal Credit Union*

**OF COUNSEL**:
Jonathan Kudulis, Esq.
Kudulis Reisinger Price
17 North 20th Street, Suite 350
Birmingham, AL 35203
jkudulis@krpfirm.com